UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:22-cv-81866

DR. SCOTT BERENSON,

       **Plaintiff,**

v.

**JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A),**
And
**UNUM GROUP CORPORATION,**
       **Defendants.**

_____/

## COMPLAINT

COMES NOW the Plaintiff, Dr. Scott Berenson by and through its undersigned counsel, for and as its Complaint against Defendant, John Hancock Insurance Company and Defendant, Unum Group alleges as follows:

## PARTIES

1. Plaintiff Dr. Scott Berenson ("Dr. Berenson") is a citizen of Florida .

2. Defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock") is a stock life insurance company that was incorporated in Maine in 1955 and re-domesticated under the laws of Michigan in 1992. It is the successor in interest of John Hancock Life Insurance Company, which was formerly known as John Hancock Mutual Life Insurance Company. John Hancock's principal place of business is Massachusetts, and it is licensed to do business in Florida. John Hancock does business in this judicial district.

3. Defendant Unum Group ("Unum") is an insurance company authorized to conduct business in the State of Florida. Unum is a Delaware corporation, with its principal place of business in Chattanooga, Tennessee. Unum does business in this judicial district.

## JURISDICTION

4. Dr. Berenson brings this action under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391 (b).

## GENERAL ALLEGATIONS

### The Insurance Policies

6. John Hancock issued a valid disability insurance policy to Dr. Berenson.

7. On July 6, 1989 John Hancock issued to Dr. Berenson a Disability Income Policy – "PRO-OCC", number H009 741 992. To the best of our knowledge, the 1989 Policy is attached as Exhibit 1.

8. Dr. Berenson fulfilled the obligations required of him under insurance policies, including paying the premiums for more than thirty years.

9. Both policies defined **Total Disability** as follows:

    "Total disability" means only an incapacity which meets all of the following standards:

    • It begins while this policy is in force.

    • It's due to injury or sickness.

    • It requires the regular care of a physician.

    • It prevents you from performing the material duties of your regular occupation.

10. The policy provided for lifetime benefits for a disability that begins before the insured's 74th birthday. Dr. Berenson date of birth is February 6th, 1956.

11. Dr. Berenson was a Board-Certified Medical Doctor of Internal Medicine and Primary Care.

12. In the 2018 Dr. Berenson began to develop bilateral osteoarthritis in the left and right hand.

13. Dr. Berenson has been attended by Dr. David Makover from 2018 through 2022 who's opinion on 02/10/2022 was Dr. Berenson's bilateral osteoarthritis in the left and right hand was "poor for recovery" and a total disability.

14. In the 2022 Dr. Berenson's arthritis progressed to the point where it prevented him from diagnosing patients, treating patients and conducting his routine and daily office related duties associated with the practice of internal medicine and primary care.

15. By 2022, Dr. Berenson's arthritis prevented him from fully performing, in a customary and usual manner without undue pain or hardship, his remaining material duties, and he contacted John Hancock to see if the Defendant would provide occupational therapeutic assistance and/or disability coverage due to the following:

> • Dr. Berenson had cut back on his schedule due to pain in both his hands.
>
> • Dr. Berenson's assistant has been performing many of the tests that Dr. Berenson should be performing because Dr. Berenson cannot hold his hands in a flexed position for an extended period of time.
>
> • Dr. Berenson would be subjected to further progression of the bilateral osteoarthritis in the left and right hand by continuing his medical practice thereby pressing past the limitations of his hands' mobility."

16. By 04/01/2022, Dr. Berenson's condition had progressively worsened. He realized that it was necessary for him to sell his practice, and, since he still needed a source of income, he filed a disability claim with John Hancock, which assigned the claim handling aspects of the claim to Unum.

17. Unum delayed its investigation by requesting completion of applications that had already been provided to John Hancock thereby failing to complete its investigation and providing a final determination of the disability claim.

18. Neither Unum nor John Hancock offered to provide rehabilitative counseling to Dr. Berenson.

19. Dr. Berenson and the undersigned counsel repeatedly contacted Unum and John Hancock to ask for an update on his claim since it seemed like it was taking an inordinate amount of time for Unum to approve the claim for total disability. Unum responded by sending Dr. Berenson additional claim forms and Attending Physician's Statement to be completed and returned. For some reason, Unum started the claim process all over.

20. There has been not disposition of the disability claim leaving Dr. Berenson in a precarious status requiring this Court to entertain a Declaratory Action to decide the rights of the Plaintiff regarding the disability claim and the John Hancock Policy.

## COUNT ONE

### (Breach of Contract—John Hancock)

21. Dr. Berenson restates the above allegations.

22. Dr. Berenson has a disability contract with John Hancock.

23. At all relevant times, Dr. Berenson fulfilled his duties under the contracts.

24. John Hancock breached the insurance contract.

25. As a direct and proximate result of John Hancock's breach of the contracts, Dr. Berenson has not received a total disability benefit and the lifetime benefit due under the insurance contract in an amount in excess of $75,000, the exact amount to be determined at trial, but in the

approximate amount of $3,722,400.00 (20 years x $9,400.00) per month not including cost of living increases).

26. As a further direct and proximate result of John Hancock's breach of the insurance contracts, Dr. Berenson has suffered other reasonably contemplated damages.

## COUNT TWO

### (Intentional Interference With Contract—Unum)

27. Dr. Berenson restates the above allegations.

28. Dr. Berenson and John Hancock had disability policy contract.

29. Unum knew about the contracts between Dr. Berenson and John Hancock.

30. Unum intentionally interfered with the contracts between Dr. Berenson and John Hancock, and Unum's actions resulted in John Hancock breaching the contracts.

31. Unum's actions were motivated by financial gain.

32. As a result of Unum's actions, Dr. Berenson was damaged.

33. Unum's actions were intentional and malicious, thus entitling Dr. Berenson compensatory damages under Florida law.

34. Dr. Berenson prays for judgment against Unum in an amount in excess of $75,000, the exact amount to be determined at trial, plus interest and attorney fees as allowed by law.

## COUNT THREE

### (Lack of Good Faith—John Hancock and Unum)

35. Dr. Berenson restates the above allegations.

36. John Hancock and Unum, through their agents, representatives, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, maliciously, and not in good faith.

37. John Hancock and Unum, through their agents, representatives, and investigators, failed to adequately investigate the claim and made the claim decision without reasonable justification.

38. John Hancock and Unum unreasonably delayed reaching a decision on Dr. Berenson's claim.

39. The actions and omissions of John Hancock and Unum demonstrate actual malice, aggravated or egregious fraud, oppression, or insult and defendants, as principal or master of their agents, authorized, participated in, and ratified the actions or omissions of their agents in this regard.

40. As a direct and proximate result of the defendants' lack of good faith, Dr. Berenson has suffered emotional distress and anxiety, inconvenience, economic harm, and has incurred litigation expenses and attorney's fees.

41. Dr. Berenson prays for judgment on this count against both John Hancock and Unum in an amount in excess of $75,000 in compensatory damages and an amount in excess of $75,000 in punitive damages, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

## COUNT FOUR

### (Declaratory Relief—John Hancock and Unum)

42. Dr. Berenson restates the allegations set forth in paragraph 1 through 20 as if fully stated herein.

43. Dr. Berenson has a disability policy contract with John Hancock.

44. The parties have a disagreement over the proper construction of the contract.

45.     Pursuant to Florida Chapter 86. Declaratory Judgments and Federal Civil Rule 57, Dr. Berenson is entitled to a declaratory judgment from this Court construing the policy terms and conditions and the respective rights and responsibilities of the parties under the policies.

46.     Dr. Berenson asks this Court for any declaratory relief the Court deems proper, in law or in equity, including a declaration that Dr. Berenson was totally disabled under the policy, that he was entitled to total disability benefits from at least his date of filing the claim, that such total disability benefits properly should have been paid and that he is entitled to lifetime disability payments under the policy as well as a refund of all premiums paid since the age of 65.

47.     Dr. Berenson further prays for any further relief the Court deems proper including interest, costs, and attorney fees as allowed by law.

**WHEREFORE**, Dr. Berenson prays for judgment against John Hancock and Unum as set forth above, plus an award of compensatory damages in excess of $75,000, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

**Dated: December 1, 2022.**         **By:**     **/s/David M. Glassberg**
                                                 David M. Glassberg, Esq.
                                                 Fla Bar No.: 393916

                                                 **GLASSBERG & GLASSBERG, P.A.**
                                                 **Attorneys for Plaintiff**
                                                 **13611 South Dixie Highway, #109-514**
                                                 **Miami, Florida 33176**
                                                 **Office: (305) 669-9535**
                                                 **Fax: (305) 255-9969**
                                                 **Glassberglaw@aol.com**